UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Energy Regulatory Commission, | No. 2:20-CV-00040-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Vitol Inc. and Federico Corteggiano, | |
| Defendants. | |

In this suit under the Federal Power Act (FPA), defendants Vitol Inc. and Federico Corteggiano move for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) and to stay the case pending resolution of the appeal. Plaintiff, the Federal Energy Regulatory Commission (FERC), opposes both motions. For the foregoing reasons, the court **grants defendants' motion for certification of interlocutory appeal and denies defendants' motion to stay**.

I.   BACKGROUND

A detailed history of this case is set out in the court's December 20, 2021 order. *See generally* Prev. Order (Dec. 20, 2021), ECF No. 74. The court thus offers only a brief summary here.

Several years ago, FERC found that Vitol and Corteggiano had manipulated wholesale electrical power prices and imposed civil penalties against them. *See generally* Compl., ECF

1   No. 1.  In early 2020, FERC sought to enforce the civil penalties in this court under the FPA.  *Id.*
2   Vitol and Corteggiano moved to dismiss and stay.  *See generally* Vitol Mot. to Dismiss, ECF No.
3   30; Corteggiano Mot. to Dismiss, ECF No. 33.  In late 2021, the court denied Vitol's motion to
4   dismiss, denied Corteggiano's motion for the most part, and denied the motion to stay as moot.
5   Prev. Order at 43.d

6        Among the questions the court addressed in its order was whether FERC's complaint was
7   filed after the statutory limitations period had expired.  *Id.* at 14.  The limitations period for the
8   commencement of FERC proceedings is prescribed in 28 U.S.C. § 2462.  Under that section,
9   unless another statute provides otherwise, "an action, suit or proceeding for the enforcement of
10  any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless
11  commenced within five years from the date when the claim first accrued. . . ."  28 U.S.C. § 2462.
12  Both parties agreed FERC's enforcement actions are subject to a five-year statutory limitations
13  period beginning at the time a claim accrues, and that the parties here extended that period by
14  stipulation for one year.  Prev. Order at 14.  However, the parties disagreed about how the court
15  should interpret and apply 28 U.S.C. § 2462.  Defendants argued all actions to enforce civil fines
16  or penalties must be filed in federal court within five years of the allegedly wrongful conduct.
17  *See* Vitol Mot. at 21–24 ECF No. 30.[1]  FERC argued the statute of limitations for the action in
18  this court began to run only after FERC fulfilled the statutory prerequisites to filing suit,
19  including giving defendant notice of the proposed penalty, assessing a penalty, and giving
20  defendant 60 days to pay the penalty.  FERC Opp'n to MTD at 15–18, ECF No. 38.

21       No binding authority resolved that dispute.  The court thus interpreted the statute,
22  considered other courts' decisions, and ultimately held FERC's claims were timely.  The court
23  found the majority view persuasive: a claim accrues when a plaintiff has a "complete and present
24  cause of action," and FERC could not sue until the administrative process was complete, so its
25  claim accrued only at that time.  *Id.* at 21–22 (quoting *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013)
26  and citing *FERC v. Powhatan Energy Fund, LLC*, 949 F.3d 891, 898 (4th Cir. 2020)).  The court

---

[1] Citations to page(s) in this document refer to page numbers applied to the upper right of each page by the court's CM/ECF system.

rejected the Fifth Circuit's conclusion that a claim accrues "at the time of the underlying violation." *United States v. 27 Core Labs.*, Inc., 759 F.2d 480, 483 (5th Cir. 1985)).

Defendants now ask the court to certify an interlocutory appeal of the order denying the motion to dismiss. Mot. at 9, ECF No. 81. The crux of defendants' argument is there are "substantial grounds" for a difference of opinion concerning whether FERC filed its claim within the statute of limitations. *Id.* at 10–11; 28 U.S.C. § 1292(b). FERC disagrees and argues that defendants' statute of limitations defense is "inappropriate" for interlocutory appeal. Opp'n at 3, ECF No. 84. FERC also argues that if the court certifies the interlocutory appeal, discovery should proceed on a parallel track. *Id.* at 10.

## II.     INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

### A.     Legal Standard

Generally, a party may appeal only after judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008). In narrow circumstances, however, a district court has authority to certify a question for interlocutory appeal before final judgment. *See* 28 U.S.C. § 1292(b); *Couch v. Telescope, Inc.*, 611 F.3d 629 (9th Cir. 2010). The party seeking certification of an interlocutory appeal bears the burden of establishing three elements: (1) the order involves a controlling question of law, (2) there is substantial ground for differences of opinion as to the question for which certification is sought, and (3) an immediate appeal may materially advance the ultimate resolution of litigation. 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch*, 611 F.3d at 633. Even if these elements are satisfied, district courts may deny permission for an interlocutory appeal. *In re Empire Land, LLC*, No. 16-00831, 2017 WL 6453286, at *1 (C.D. Cal. Dec. 15, 2017).

/////

/////

/////

**B.      Analysis**

The court considers each of the three requirements in turn.

### 1.      Controlling Question of Law

Defendants must first show that the proposed question for interlocutory appeal involves a controlling question of law. A question of law is "controlling" if the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d 1020, 1026 (9th Cir. 1981). The "controlling question" requirement does not "require that reversal of the district court's order terminate the litigation." *Id.* The question must be "pure[ly] legal," which FERC does not contest. *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993)

In light of this standard, the limitations period is a "controlling" question. If the Ninth Circuit agrees with defendants, FERC's claim would be time barred. FERC contends otherwise, noting it advanced two other arguments for timeliness, which the court did not address in its previous order. Opp'n at 5. Ninth Circuit precedent is clear, however, that a "controlling question of law" need not be dispositive of the lawsuit. *See In re Cement*, 673 F.2d at 1026; *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Otherwise, the third prong of section 1292(b), which addresses whether an appeal would "materially advance the ultimate termination of the litigation," would be superfluous.

### 2.      Substantial Ground for Differences of Opinion

Second, defendants must show there is a "substantial ground for difference of opinion" on the controlling question of law. 28 U.S.C. § 1292(b). Generally, substantial grounds for a difference of opinion exist if reasonable jurists might disagree. *Fortuyne v. City of Lomita*, 766 F.3d 1098, 1101 n.2 (9th Cir. 2014) (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011)). This might be true, for example, where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers

4

Edition § 3:212 (2010)). "[C]ourts must examine to what extent the controlling question is unclear." *Holak v. K Mart Corp.*, No. 12-00304, 2015 WL 4756000, at *1 (E.D. Cal. Aug. 11, 2015) (quoting *Couch*, 611 F.3d at 633). The requirement is not satisfied just because settled law might be applied differently, a party strongly disagrees with the court's decision, or there is a "dearth of case law contradicting the court's decision." *Id*. (citations and internal quotation marks omitted).

Defendants identify three issues affecting the application of the statute of limitations in 28 U.S.C. § 2462 to FERC's liability claim: (1) the application of the statute of limitations to civil penalty actions, Mot. at 12; (2) the definition of FERC's "claim," *id.* at 14; and (3) the accrual date, *id.* at 15. The court addresses these arguments jointly, as all three focus on the purported disagreement among courts.

As this court wrote in its previous order, the Supreme Court has issued no controlling decision. *See* Prev. Order at 20, 24 (discussing *Gabelli v. SEC*, 568 U.S. 442 (2013) and *Crown Coat Front Co. v. United States*, 386 U.S. 503 (1967)). Nor has the Ninth Circuit. *See* Prev. Order at 22. The Circuit has, however, agreed in principle with the majority view that this court adopted. *See id.* (citing *DLS Precision Fab LLC v. U.S. Immigr. & Customs Enf't*, 867 F.3d 1079, 1086 (9th Cir. 2017) (per curiam)). Several recent decisions from other circuit courts and district courts are also in this majority. *See id.* at 16, 20–21 (citing *inter alia Powhatan*, 949 F.3d at 898–99; *United States v. Meyer*, 808 F.2d 912 (1st Cir. 1987)). At least one circuit court and one district court disagree with the majority position. *See id.* at 16 (citing *Core Labs., Inc.*, 759 F.2d 480 and *FERC v. Barclays Bank PLC* (*Barclays II*), No. 13-02093, 2017 WL 4340258, at *10–13 (E.D. Cal. Sept. 29, 2017)).

Defendants stress the court's recognition that another judge of this court endorsed the view that the only "action" is the civil action FERC files in court. *See Barclays II*, 2017 WL 4340258, at *10–13. The Ninth Circuit has never suggested a split between or among district courts establishes a substantial ground for difference of opinion for purposes of § 1292(b); it has instead pointed to circuit splits. *See Couch*, 611 F.3d 629 at 633. District courts within this circuit have recently observed that intra-district splits do not support certifying an interlocutory

5

appeal. *See, e.g.*, *Herrera v. Fargo*, No. 18-0332, 2020 WL 7051097, at *4 (C.D. Cal. Oct. 8, 2020). Indeed, the handful of district court opinions from within the Ninth Circuit assigning weight to intra-district splits rely on *AsIs Internet Services v. Active Response Grp.*, No. 07-06211, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008), a decision preceding *Couch*, 611 F.3d 629, which emphasized circuit splits and assigned no weight to intra-district splits.

On the other hand, the clear disagreement between and among the Fifth and the First and Fourth Circuits does support the defendants' motion, especially in combination with a district-court split. As this court recognized in its previous order, these circuits are effectively at odds about whether (1) there is just one "action"—the civil action FERC filed in this court—and (2) a claim for a civil penalty accrues at the time of the underlying violation or after an agency completes its regulatory process. Prev. Order at 15–16, 21. FERC argues defendants "attempt to manufacture a circuit split by pointing to disagreements among circuits 'concerning when a claim accrues in civil penalty cases under other statutes.'" Opp'n at 8 (quoting Mot. at 12). Although the Fourth Circuit is the only appellate court to have addressed the application of 28 U.S.C. § 2462 in an FPA case, the context in which courts apply section 2462 does not necessarily change how courts apply that section. This is evidenced in the court's lengthy analysis of 28 U.S.C. § 2462. *See* Prev. Order at 15–24. Defendants have satisfied the first part of the three-part test under § 1292(b).

### 3. Advance the Ultimate Resolution of Litigation

Defendants also must show that the resolution of the question it wishes to certify will materially advance the ultimate resolution of the litigation. 28 U.S.C. § 1292(b). An interlocutory appeal materially advances the ultimate resolution of litigation if it avoids protracted and expensive litigation. *In re Cement*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). Similarly, an interlocutory appeal meets this requirement if it helps avoid trial or substantially shortens the time spent in litigation. *Holak*, 2015 WL 4756000, at *1 (citing *Conte v. Jakks Pac., Inc.*, 2012 WL 3069971, at *3 (E.D. Cal. July 27, 2012)). Here, defendants argue that even if a decision in their favor on appeal does not end the litigation, it would "dramatically alter the stakes of the litigation and reduce [their] potential exposure."

Reply at 14, ECF No. 86. The court agrees, at least to the extent a finding may increase the chance of settlement, which would resolve the litigation. *See Casas v. Victoria's Secret Stores, LLC*, No. 14-6412, 2015 WL 13446989, at *3 (C.D. Cal. Apr. 9, 2015) (finding increased chance of settlement "may materially advance the case's ultimate termination").

### 4. Conclusion—§ 1292(b)

The defendants have satisfied the three mandatory requirements of § 1292(b). An interlocutory appeal would help clarify a controlling question of law that has led different judges to different conclusions and would materially advance this case. The court exercises its discretion to certify an interlocutory appeal under 28 U.S.C. § 1292(b).

## III. MOTION TO STAY

### A. Legal Standard

The standard for evaluating stays pending appeal "is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). Four considerations govern judicial discretion in ruling on a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 770–71 (1987).

District courts within this circuit can apply a "sliding scale" when weighing these factors, "so that a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir.2011)). In particular, a moving party who cannot show a strong likelihood of success "must at minimum show that its appeal presents 'a substantial case on the merits,'" *Zaborowski v. MHN Gov't Servs., Inc.*, No. 12-05109, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) (quoting *Leiva–Perez*, 640 F.3d at 965), or raises "serious legal issues," *id.* (quoting *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998)). A party meeting this lower threshold "must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor." *Id.* (citation omitted).

1    "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)). Success on the merits and "whether the applicant will be irreparably injured absent a stay" are the "most critical" factors. *Id.* at 434.

### B. Analysis

For the same reason the court previously denied defendants' motion to dismiss, the court concludes defendants are unlikely to succeed on the merits. The Fourth Circuit and other district courts have reached the same conclusion as this court in multiple persuasively reasoned decisions. *See* Prev. Order at 16. Likewise, the First, Sixth, Seventh and Eighth Circuits have reasoned, often compellingly, that claims accrue under § 2462 once the underlying administrative action establishing liability is final, not at the time of the underlying violation. *See id.* at 21. The Ninth Circuit has agreed in principle with the majority view. *See id.* at 22. This factor does not favor a stay.

Second, defendants contend they will suffer irreparable injury absent a stay in the form of unnecessary costs of litigation. Mot. at 17–18. The costs of pretrial litigation may amount to irreparable harm in some situations, *Pena v. Taylor Farms Pac., Inc.*, No. 13-01282, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015), such as when the appeal determines whether the case will go to arbitration, *see, e.g., Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (observing that "[i]f [a] party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are lost forever"). No such danger justifies a stay here. Defendants have not shown that ongoing litigation will pose any undue hardship. This factor does not favor a stay.

Because defendants are unlikely to succeed on the merits and are not likely to suffer irreparable harm, they are not entitled to a stay. The court need not balance harms or decide whether the broader public interests favor a stay. It is enough to note, as FERC persuasively explains, that prosecuting cases of suspected energy market manipulation and deterring future abuse is in the public interest. *See* Opp'n at 13.

## IV. CONCLUSION

The motion to certify an interlocutory appeal under § 1292(b) is **granted**. The motion for a stay pending appeal is **denied**.

This order resolves ECF No. 81.

IT IS SO ORDERED.

DATED: February 24, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE